MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

March 1, 2021

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Planck, LLC, d/b/a Patch Media v. Particle Media, Inc., d/b/a News Break*, No. 20-cv-10959, Pre-Motion Letter Pursuant to Docket No. 21

Dear Judge Schofield:

      We represent defendant Particle Media, Inc., d/b/a News Break ("News Break") in the above-captioned matter. We write pursuant to the Court's order, entered February 23, 2021, directing News Break to file a pre-motion letter. Dkt. 21. News Break's motion will request that venue be transferred to the Northern District of California, pursuant to 28 U.S.C. § 1404(a) and the forum-selection clause discussed below, or alternatively, that the Court dismiss the complaint under Rule 12(b)(6).

      ***Background.*** Plaintiff Planck, LLC d/b/a Patch ("Patch") and News Break are online news services. Patch publishes what it describes as "hyper-local news" content through "more than 1,200 distinct, local pages." Compl. ¶¶ 5-7. News Break aggregates news stories from other news publishers, including where (as happened here) the other publisher creates a News Break publisher profile account and provides an RSS (Really Simple Syndication) "feed" to its content. In these cases, News Break provides a small portion of the underlying publisher's story—the headline, the first 50 words, and (where available) a single photo from the story—along with a link to the original publisher's webpage, where the user can read the full story.

      Patch asserts three claims. The first two—copyright infringement and removal of copyright information in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b) ("DMCA")—arise out of News Break's publication of content from Patch. Patch asserts that in winter 2019/2020, the parties agreed orally that News Break could publish Patch content specifically on the topic of COVID-19. Compl. ¶ 21. Patch alleges that News Break breached this purported agreement by "publishing Patch content that had nothing to do with coronavirus," and that News Break's actions in excess of the claimed license infringed Patch's copyrights. *Id.* ¶ 23. Patch's second claim alleges that News Break violated the DMCA by removing photographer credits from Patch photos displayed on News Break's site. *Id.* ¶ 30.

      Patch's complaint omits important facts about the parties' license agreement. The license was written, not oral, and it was not limited to COVID-19 coverage but included all content on more than 1,200 Patch local news pages. Specifically, in March 2020, Patch voluntarily

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
March 1, 2021
Page 2

provided News Break with RSS feeds of these Patch sources. In setting up the RSS feeds, Marc Torrence, a Patch Senior Product Manager, created a publisher account with News Break. In establishing that account, Mr. Torrence, on Patch's behalf, agreed to News Break's Terms of Service, which were displayed onscreen above the box that Mr. Torrence checked to signify agreement to those Terms. Acceptance of the Terms was required for Mr. Torrence to press the "submit" button to complete the account-registration process.

The Terms of Service grant News Break "a non-exclusive license to publish" the content Patch provided through its feeds. The Terms also contain a forum-selection clause stating, "The laws of the State of California shall govern these Terms. You agree that <u>any suit arising from the Services</u> must take place in a court located in Santa Clara, California." (Emphasis added.)

Patch's third cause of action is a state-law claim for breach of a non-disclosure agreement ("NDA") the parties executed in July 2019, prior to Patch's acceptance of the Terms of Service, in connection with discussions about a separate potential business deal. Compl. ¶¶ 18-19. Patch claims that News Break misappropriated Patch's confidential information provided under this NDA. *Id.* ¶¶ 50-53. The NDA's forum-selection clause provides that disputes under *that* agreement are to proceed in Manhattan. *Id.* ¶ 2.

***The forum-selection clause requires that Patch's federal claims be transferred to the Northern District of California.*** A forum-selection clause is "presumptively enforceable" if it "was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014). Here, the clause in the Terms of Service that Patch agreed to is mandatory, and it was communicated to Patch. As noted, Patch had to scroll through the Terms and check a box manifesting acceptance of the Terms. The law is clear that, in these circumstances, Patch's acceptance of the online Terms of Service creates an enforceable contract. *See, e.g., Applebaum v. Lyft, Inc.*, 263 F. Supp. 3d 454, 465 (S.D.N.Y. 2017).

The forum-selection clause in the Terms of Service covers Patch's federal claims, both of which "aris[e] from" News Break's service. Patch's copyright infringement claim is based on News Break's publication of Patch content on the News Break service. And Patch's DMCA claim is based on News Break's publication of photos without photographer-credit information on that same service.[1] Patch cannot avoid the consequences of the forum-selection clause by omitting its acceptance of the Terms of Service from the complaint. On a venue-transfer motion,

---

[1] "[Q]uestions about the meaning and scope of a forum selection clause . . . are resolved under the substantive law designated in an otherwise valid contractual choice-of-law clause." *Martinez*, 740 F.3d at 224. Here the Terms of Service state that California law governs. Under California law, a forum-selection clause broadly encompasses "all causes of action arising from or related to the Agreement, regardless of how they are characterized." *Olinick v. BMG Entm't*, 138 Cal. App. 4th 1286, 1300-01 (2006).

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
March 1, 2021
Page 3

the court may consider evidence (such as the Terms of Service) that is not specifically alleged in the complaint, "even to the degree that such evidence contradicts allegations in the Complaint." *Tianhai Lace USA Inc. v. Forever 21, Inc.*, No. 16-CV-5950, 2017 WL 4712632, at *2 (S.D.N.Y. Sept. 27, 2017). Moreover, because Patch alleges that News Break's conduct infringed by going beyond the parties' license, Compl. ¶ 23, the court may consider the parties' license (the Terms of Service) and its forum-selection clause. *See Moose Toys Pty, Ltd v. Creative Kids Far E. Inc.*, 195 F. Supp. 3d 599, 600 (S.D.N.Y. 2016).

In sum, Patch's copyright infringement and DMCA claims are subject to the forum-selection clause, and Patch must pursue those claims, if at all, in the Northern District of California, which includes Santa Clara.

***Alternatively, Patch's copyright and DMCA claims fail because News Break had a license to publish Patch content.*** Patch does not deny that it licensed its content to News Break. Rather, Patch contends that News Break exceeded the scope of the license by publishing content unrelated to COVID-19. Compl. ¶ 23. The Terms of Service, however, foreclose this claim, because they expressly grant News Break a non-exclusive license to publish Patch content on the News Break service. Patch's DMCA claim fails along with its infringement claim. Under § 1202(b) of the DMCA, Patch must show, inter alia, that News Break knew or had reason to know that removing copyright management information would "induce, enable, facilitate, or conceal infringement." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020). Because Patch licensed the publication of its content, News Break's alleged removal of photographer-credit information could not have induced, enabled, facilitated, or concealed infringement.

***Patch's breach claim should be dismissed for two reasons.*** First, if the court transfers the federal claims and Patch does not waive the NDA's forum-selection clause, the breach claim should be dismissed for lack of supplemental jurisdiction. 28 U.S.C. § 1367(c)(3). Second, Patch fails to plead a plausible breach claim. Patch conclusorily alleges, on "information and belief," that News Break "misappropriat[ed] Patch's confidential information," Compl. ¶ 51, but alleges no facts showing any such misappropriation. *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) ("Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract.").

We respectfully request the following briefing schedule: (1) News Break shall file its motion on or before March 18, 2021 (as required by Dkt. 21); (2) Patch shall file its opposition on or before April 1, 2021; and (3) News Break shall file its reply on or before April 15, 2021.

Respectfully Submitted,

*/s/ Kelly M. Klaus*
Kelly M. Klaus

cc: All Counsel of Record (via ECF)