MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

December 8, 2021

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Planck LLC, d/b/a Patch Media v. Particle Media, Inc., d/b/a News Break et al.*, No. 20-cv-10959, Response to Plaintiff's Letter Regarding Proposed Second Amended Complaint (Dkt. 61)

Dear Judge Schofield:

      We represent Defendants.  We write in response to Plaintiff Patch's December 1, 2021 letter requesting leave to file a Second Amended Complaint ("SAC") containing additional personal jurisdiction allegations against Jeff Zheng.  Dkt. 61.  We respectfully request the Court deny Patch's request for leave to amend and its alternative request for jurisdictional discovery.

      The First Amended Complaint ("FAC") against Zheng "lack[ed] any specific allegations about Zheng or his activities *in New York*[.]"  Dkt. 55 at 18 (emphasis in original).  "Because the FAC merely states that Zheng controlled News Break and participated in a single meeting with Plaintiff on August 14, 2019, the FAC does not allege facts showing that Zheng was heavily involved in News Break's day-to-day operations, *including control of News Break's allegedly wrongful acts that confer personal jurisdiction in New York*."  *Id.* at 19 (emphasis added).

      The proposed SAC does not cure the FAC's deficiencies.  *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . to the district court . . . how amendment would cure the pleading deficiencies in its complaint.").  "In order to establish personal jurisdiction over an out-of-state corporate officer based on the corporation's activities within the state, a plaintiff must show that the officer is a *primary actor[]* in the [corporation's] transaction *in New York* and not merely some corporate employee."  *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 197 (E.D.N.Y. 2018) (second emphasis added) (quotation omitted).  Patch must allege facts showing Zheng was "the *driving force* behind the New York transactions" and his "personal involvement . . . in the activities giving rise to the suit."  *Id.* at 198 (emphasis added) (quotation omitted).

      The proposed SAC does none of this.  It simply adds factual allegations showing, at most, that Zheng acts as News Break's CEO:

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
December 8, 2021
Page 2

- Press releases, SEC filings, and articles from 2015 described Zheng as News Break's CEO and said he previously co-founded a different media application in China. Dkt. 61, Ex. A, ¶¶ 7-10.

- Zheng is listed as an inventor on several News Break patent applications that reflect how News Break's mobile application functions. *Id.* ¶¶ 11, 13, 14.

- In public statements, Zheng explained News Break's vision, business model, and use of technology, including its focus on local news. *Id.* ¶¶ 12, 15-16.

- Zheng praised News Break's employees as "world-class" and announced the hiring of a new Head of Original Content. *Id.* ¶¶ 17, 19. Zheng's LinkedIn page notes News Break is "looking for inspired talent[]." *Id.* ¶ 18.

It is not enough to allege Zheng did things, such as these, that one would expect a CEO to do without tying those actions to alleged wrongdoing directed to New York. "[C]ontrol cannot be shown based merely upon a defendant's title or position." *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006). Patch must show that Zheng controlled the actions alleged to subject News Break to jurisdiction in New York, i.e., the alleged infringement of Patch's content. *Wolo*, 349 F. Supp. 3d at 197-98. The SAC does not allege any facts showing Zheng directed News Break to infringe Patch's copyrights. Rather, it appears Zheng "was named in the complaint simply because his name appears at the top of [News Break's] masthead." *Id.* at 199.[1]

Patch also provides no justification for jurisdictional discovery. The cases it cites make clear such discovery is warranted "only when the allegations are sufficient to articulate a colorable basis for personal jurisdiction, which could be established with further development of the factual record." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 195 (E.D.N.Y. 2014). Patch's conclusory allegations fall short. It undoubtedly would serves Patch's tactical aims to take an early deposition of its adversary's CEO. But Patch does not allege any facts suggesting a colorable basis for personal jurisdiction over Zheng in New York.

                                      Respectfully Submitted,

                                      */s/ Kelly M. Klaus*
                                      Kelly M. Klaus

cc: All Counsel of Record (via ECF)

---

[1] *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010), which Patch cites, is inapposite. *Chloe* held a corporate officer was subject to personal jurisdiction where evidence showed he was "integrally involved" in the shipment of an allegedly counterfeit handbag to New York. *Id.* at 165. By contrast, Patch has alleged no facts suggesting Zheng was involved in the alleged infringement of Patch's copyrights.