UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
PLANCK, LLC, d/b/a, PATCH MEDIA,

          Plaintiff(s),

-v-

PARTICLE MEDIA, INC., d/b/a, NEWS BREAK and
VINCENT WU,

          Defendant(s).
------------------------------------------------------------------- X

Case No. 20-cv-10959 (LGS)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.  All parties [consent_____ / **do not consent  X   **] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.  The parties [**have  X  ** / have not_____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.  This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

  a.  An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes_____ / **No  X  **]

  b.  A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes_____ / **No  X  **]

  c.  A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes_____ / **No  X  **]

  d.  A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes_____ / **No  X  **]

4. Alternative Dispute Resolution/Settlement

    a. Settlement discussions [have_____ / **have not  X   **] taken place.

    b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        **Counsel do not believe settlement discussions would be productive at this stage of the case but should await the completion of some discovery**.

    c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        **Counsel believe that, at an appropriate juncture, a private mediator would be the appropriate alternative dispute resolution mechanism for this case**.

    d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        **Counsel believe mediation would be appropriate after the close of fact discovery**.

    e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order**.

5. No additional parties may be joined, without leave of Court, after  **December 28, 2021**.

6. Amended pleadings may be filed without leave of Court until  **Per the Court's order on Defendants' Motion to Transfer or Dismiss, (Dkt. 55), Plaintiff has filed a letter motion seeking leave to file a Second Amended Complaint and the Court denied leave**.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **January 18, 2022**. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8. Fact Discovery

    a. All fact discovery shall be completed no later than ~~June 30, 2022~~ May 5, 2022. **The parties believe that a six-month period is necessary for fact discovery given the number of claims and complications because of the COVID-19 pandemic**. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **January 25, 2022**.

    c. Responsive documents shall be produced by **Subject to objections to discovery and the complexities involved with retrieving and reviewing documents (which cannot be known until the parties see each other's requests), the parties believe objections should be served and rolling productions should begin within 30 days of service of the Requests for Production; and production of responsive, non-privileged documents that a party has agreed to produce should be completed within 75 days of service of the Requests for Production**.
    Do the parties anticipate e-discovery?   [**Yes  X   ** / No _____ ]

    d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by
    **The parties believe that they should serve initial interrogatories by February 1, 2022 and any further interrogatories should be served by** ~~May 2, 2022~~ April 1, 2022.

    e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~June 30, 2022~~ May 5, 2022.

    f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~May 16, 2022~~ March 18, 2022.

    g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a)**.

9. Expert Discovery [if applicable]

    a. Anticipated types of experts if any:

        **Plaintiff anticipates expert testimony about RSS feeds and search engine optimization, "scraping" of websites, computer forensics generally, and damages**.

        **Defendant anticipates expert testimony on at least the following topics: (i) Really Simple Syndication (RSS) feeds and search engine optimization; (ii) custom and practice in the parties' industry; (iii) custom and practice on what constitutes**

3

**confidential business information; and (iv) damages**.

_____
_____
_____

b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than  **August 12, 2022**.  June 20, 2022
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

c. If you have identified types of experts in question 9(a), by  May 20, 2022 ~~**May 30, 2022**~~ *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is **X** / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is  **10 court days, subject to discovery and motion practice**.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    **The parties are meeting and conferring regarding a protective order and will either file an agreed upon proposed protective order before the conference or will have a list of unresolved items to discuss at the conference**.

    **The parties have agreed to work cooperatively on scheduling remote depositions and will inform the Court if there are any issues**.

13. Status Letters and Conferences

    a. By  **February 28, 2022**  *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By  ~~**July 14, 2022**~~  May 19, 2022  *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On  ~~**August 26, 2022**~~ July 6, 2022 at 4:30 p.m. at  **11:00 A.M.** *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive

4

motions, provided:

    i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

    ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: January 3, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

| Judd Burstein, P.C. | Munger, Tolles & Olson LLP |
|---|---|
| Judd Burstein | Kelly M. Klaus |
| Peter B. Schalk | |
| /// Counsel for Plaintiff Planck LLC, d/b/a, Patch Media | Counsel for Particle Media, Inc., dba News Break |