UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
PLANCK LLC, d/b/a, PATCH MEDIA,       Case No. 20-cv-10959 (LGS)

        Plaintiff,       ~~[PROPOSED]~~ STIPULATED
                                       PROTECTIVE ORDER
    -against-

PARTICLE MEDIA, INC., d/b/a NEWS
BREAK, JEFF ZHENG, and VINCENT WU,

        Defendants.
------------------------------------------------------x

LORNA G. SCHOFIELD, District Judge:

    WHEREAS all of the parties to this action request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

    WHEREAS, information and documents provided in discovery in the above-captioned litigation, whether by a party or non-party, may be of a trade secret or confidential nature within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and

    WHEREAS, one of the purposes of this Stipulated Protective Order (the "Order") is to protect the confidentiality of information the designating party reasonably believes is entitled to confidential treatment under applicable law;

    IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order to the extent allowable by law—shall adhere to the following terms:

    1.    As used in this Order, "Litigation Material(s)" includes: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions, deposition testimony and transcriptions (including exhibits), and all written, recorded, graphic or electronically-stored matters (and all identical and non-identical copies thereof); (b) any copies, notes, abstracts or summaries of such information, and the information itself; and (c) any pleading, affidavit, declaration, brief, memorandum of law, motion papers, transcript, including exhibits to any of these, or other writing containing such information.

    2.    (a) Litigation Materials that any producing party believes in good faith contain confidential or proprietary non-public commercial, financial, operational, research or technical information may be designated "Confidential" by the producing party. (For purposes of this Order,

a "producing party" includes any non-party that produces information in connection with the above-captioned litigation.)

(b) Litigation Materials containing trade secret or other highly valuable proprietary or confidential research, development or commercial information, including, but not limited to, special formulas, proprietary software and/or computer programs, current or future marketing plans, current or future business plans or strategies, current or future plans for products or services, customer and subscriber data and information, vendor and/or supplier information, agreements with third parties, information regarding current or future business or financial transactions, internal financial reports or plans, current or future pricing, rates or planning information, financial data, production data, internal notes, memoranda, logs or other data, and other highly sensitive non-public commercial, financial, research or technical information that the producing party believes, in good faith, should be afforded the highest level of confidentiality hereunder (and subject to Paragraph 22), may be designated "Highly Confidential" by any producing party.

(c) Any Litigation Materials that the producing party disclosed to the general public prior to their production in this litigation or disclosed during the course of this litigation shall not be designated or treated as "Confidential" or "Highly Confidential."

3. (a) Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations set forth in this Order may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production, except for documents produced in native format which shall have the appropriate designation affixed on the face of the media containing the native format documentation insofar as it is reasonably possible. To the extent that documents are produced in electronic form, the addition of a confidentiality designation in the file name, or in the name of the folder or database in which the file is produced, shall be sufficient to provide notice of confidentiality and additional written notice will be unnecessary. Tangible things not produced in documentary form may be designated by affixing the appropriate designation on a cover page or label for such material and in a prominent place on the exterior of the container or containers in which the information or things are stored, or in another manner that is reasonably calculated to give notice of its confidential designation.

(b) Counsel for a deponent may invoke the protections of this Order by stating on the record during the deposition that some or all testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions with such designation(s) within ten (10) business days after receipt of the final deposition transcript. All information disclosed during a deposition shall be deemed "Confidential" for ten (10) business days, whether or not any portion of the transcript was so designated during the deposition, and thereafter shall be treated as "Confidential" or "Highly Confidential," as applicable, if so designated. No person shall be present during any portion of any deposition designated as provided herein, or any portion of any deposition wherein Litigation Materials designated hereunder are disclosed, unless that person is an authorized recipient of Litigation Materials containing "Confidential" or "Highly Confidential" information under the terms of this Order or unless all parties agree to allow the attendance of such person. If counsel for a deponent designates deposition testimony "Confidential" or "Highly Confidential" during the deposition, they shall provide specific designations as to the confidential materials within thirty (30) days.

The deposition portions not so designated will no longer be deemed confidential under this Agreement.

(c) If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Litigation Material that she, he, or it had previously produced without limitation should be designated as Confidential or Highly Confidential, she, he, or it may so designate by so apprising all prior recipients of the Litigation Material in writing, and thereafter such designated portion(s) of the Litigation Material will be deemed to be and treated as Confidential or Highly Confidential under the terms of this Protective Order. The inadvertent production of Litigation Materials (including, without limitation, testimony) claimed to be "Confidential" or "Highly Confidential" without the designation shall not constitute a waiver of confidentiality. For the avoidance of doubt, the belated designation of materials as "Confidential" or "Highly Confidential" does not affect a receiving party's treatment of the materials prior to the designation or impose on that party any responsibility for the actions of any third party to whom it disclosed such information prior to the designation.

4. The producing party designating any Litigation Materials hereunder shall, in the first instance, determine in good faith whether such Litigation Materials contain "Confidential" or "Highly Confidential" information covered by this Order. Another party may object in good faith to such designation. The objecting party and the other person(s) involved shall follow the provisions of Local Rule 37.2 of the Southern District of New York, as modified by Judge Schofield's Rule III.C.3, in (a) their attempt to informally resolve their designation dispute and (b) any motion practice before this Court should such dispute not be resolved informally. Any Litigation Materials, the designation of which are subject to such dispute, shall be treated as designated pending further order of the Court or written agreement of the parties. The party asserting the confidentiality of any such Litigation Materials shall bear the burden of establishing that the Litigation Materials are entitled to be classified as designated. The party seeking to maintain a disputed confidentiality designation shall be required to raise the issue with the Court in the first instance.

5. If any Litigation Materials designated hereunder are used during the course of a deposition, the portion of the deposition record containing testimony related to such information shall be designated as "Confidential" or "Highly Confidential," as applicable, and access thereto shall be limited pursuant to the terms of this Order.

6. Litigation Materials designated or treated as "Confidential," copies or extracts thereof and information contained therein, may be disclosed, given, shown, made available, or communicated only to the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

    (a)    the parties to this action;

    (b)    employees of the parties, provided they are involved in the prosecution, defense or appeal of this litigation and have executed a Non-Disclosure Agreement in the form attached hereto as an Exhibit (a "Non-Disclosure Agreement");

(c)      outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

(d)      in-house counsel for each party (and their paralegal, clerical and/or secretarial assistants), provided that such in-house counsel are actively involved in the prosecution, defense or appeal of this litigation;

(e)      consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is reasonably necessary that "Confidential" Litigation Materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, provided such person has first executed a Non-Disclosure Agreement;

(f)      any person expressly identified in any "Confidential" Litigation Materials as an author or recipient, or as to whom it is shown (prior to reviewing the materials) the person has personal knowledge of "Confidential" Litigation Materials;

(g)      any person employed by the party that produced the "Confidential" Litigation Materials;

(h)      any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order or in compliance with their institution's confidentiality requirements insofar as they are equivalent to JAMS, AAA, or a similar organization;

(i)      mock jurors who have executed a Non-Disclosure Agreement (said signed acknowledgement for mock jurors need not be provided to the opposing party or its counsel);

(j)      stenographers and videographers engaged to transcribe depositions conducted in this action;

(k)      this Court or any appellate court, including court reporters and support personnel for the same; and

(l)      other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court issued after affording the producing person due notice and an opportunity to be heard.

7.      Litigation Materials designated or treated as "Highly Confidential," copies or extracts thereof, and information contained therein, shall be treated as "Attorneys' Eyes Only" and

may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

- (a) outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

- (b) outside consultants and/or experts retained by counsel or a party in connection with this litigation to whom it is necessary that "Highly Confidential" Litigation Materials be shown for the sole purpose of reasonably assisting in, or consulting with respect to, this litigation, provided such person has first executed a Non-Disclosure Agreement;

- (c) any person expressly identified in any "Highly Confidential" Litigation Materials as an author or recipient, or as to whom it is shown (prior to reviewing the materials) the person has personal knowledge of "Highly Confidential" Litigation Materials;

- (d) any person employed by the party that produced the "Highly Confidential" Litigation Materials;

- (e) any mediator assigned to hear this matter and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order or in compliance with their institution's confidentiality requirements insofar as they are equivalent to JAMS, AAA, or a similar organization;

- (f) stenographers and videographers engaged to transcribe depositions conducted in this action;

- (g) this Court, including any appellate court, and the court reporters and support personnel for the same; and

- (h) other persons only upon written consent of the producing person (which agreement may be recorded in a deposition or other transcript) or upon order of the Court issued after affording the producing person due notice and an opportunity to be heard.

8. (a) Before any of the persons described in Paragraphs 6(e) and 7(b) shall have access to "Confidential" or "Highly Confidential" material, he or she must certify that he or she has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a Non-Disclosure Agreement. The signed Non-Disclosure Agreement must be served upon the opposing parties, along with a current resume or curriculum vitae reasonably identifying the person, each individual or company for which the person has done work in the past five years (except the resume or curriculum vitae need not disclose any such relationship that the person is contractually obligated not to disclose), and his or her relationship, if any, to any

party. The party that produced the designated Litigation Material shall then have five (5) business days to serve a written objection to access by such person. Any written objection shall state with specificity the reason(s) for such objection. If such objection is made, there shall be no disclosure to such person except by agreement of the parties, by order of the Court, or if the time for the objecting party to file a motion as set forth herein has expired. If an objection is made to disclosure, counsel for the parties shall meet and confer within two (2) business days of the objection in an effort to reach an agreement. Failing an agreement, the objecting party, to prevent such disclosure, must file a letter motion for a pre-motion discovery conference with the Court within two (2) business days.  On any such motion, the party that designated the material shall bear the burden of showing why disclosure to the person should be precluded.

(b) The other persons described in Paragraph 6 given access to "Confidential" material pursuant to the terms of this Order after signing a Non-Disclosure Agreement do not need to be disclosed to the opposing party prior to receipt of "Confidential" materials.  Counsel for the parties shall maintain the signed Non-Disclosure Agreement of each person who has signed a Non-Disclosure Agreement and to whom the content of any "Confidential" material is disclosed or to whom the information contained therein is disclosed.  Such signed Non-Disclosure Agreements shall be available for inspection by the Court and opposing counsel upon good cause shown. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the signed Non-Disclosure Agreements upon request.

9. The persons receiving "Confidential" or "Highly Confidential" material are enjoined from disclosing it to any other person, except in conformance with this Order. The recipient of any designated material that is provided under this Order shall maintain such records in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such records as is exercised by the recipient with respect to his or her own proprietary information.

10. Each individual who receives any "Confidential" or "Highly Confidential" material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

11. Nothing in this Order affects the right of any producing party that produced Litigation Materials to use or disclose such Litigation Materials, or the contents thereof, in any way.

12. Nothing in this Order shall allow non-testifying experts and consultants to be deposed or otherwise be the subject of discovery other than as provided under the Federal Rules of Civil Procedure.

13. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on designated Litigation Materials; provided, that in rendering such advice and otherwise communicating with such client, counsel shall not make any disclosure of the specific substance of Litigation Materials so designated except as otherwise allowed by this Order; however, a general description of Litigation Materials so designated does not constitute a violation of the Order.

14.     If, at any time, any Litigation Materials in the possession, custody or control of any person other than the person who originally produced such Litigation Materials are subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the party to whom the subpoena or other request shall, as soon as reasonably practicable but in no event more than three (3) business days, give written notice thereof to each party who has produced such Litigation Materials (directly or through the producing party's outside counsel), and shall not object to or otherwise seek to prevent each producing party from objecting and intervening as appropriate regarding the request for the production of Litigation Materials. If a producing party does not object and/or intervene to prevent disclosure of such documents within twenty-one (21) days of the date written notice is given, the party to whom the subpoena or other request is directed may produce such documents in response thereto. Nothing in this Section, however, shall be interpreted to require the party to whom the subpoena or other request is directed to refuse to comply with any legal duty or obligation imposed by a court or other judicial, arbitral, administrative, or legislative body.

15.     Except ~~as agreed in writing by counsel of record or~~ as ordered by the Court or as is inconsistent with any prior Order of the Court, Litigation Materials designated or treated as "Confidential" or "Highly Confidential" shall be submitted and/or filed under seal. Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

16.     Nothing herein shall prevent any of the parties from using Litigation Materials designated hereunder in any trial in this litigation or from seeking further protection with respect to the use of any designated Litigation Materials in any trial in this litigation. This Order does not seek to alter governing law as to public access to litigation materials entered into evidence at trial or other public hearing. Means to preserve the confidentiality of Litigation Materials presented at any trial of this matter shall be considered and implemented prior to the beginning of such trial. Designated Litigation Materials that are not received into evidence at trial shall retain their designated status under this Order.

17.     The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by stipulation of the parties, approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute: (a) any agreement to produce in discovery any testimony, document or other information; (b) a waiver of any right to object to or seek a further protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity, protection, or privilege with respect to any testimony, document or information.

18.     In the event that Litigation Materials designated or treated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized to receive such information under this Order, counsel of record for the party making that disclosure shall, promptly upon learning of such disclosure, give notice to counsel of record for the designating person and to counsel of record for the producing person (if different), and shall reasonably describe the circumstances surrounding the unauthorized disclosure.

19.     (a) If any party inadvertently produces in discovery any information subject to attorney-client privilege, work-product doctrine or any other privilege, protection or immunity

("Privileged Information"), and the requirements of Federal Rule of Evidence 502(b) have been satisfied, the producing party may (promptly upon learning of such production) notify the receiving party(ies) of such production and seek the return and/or destruction of such Privileged Information as set forth below. Upon such notification, the receiving party(ies) shall promptly return to the producing person or shall destroy all such Privileged Information (including, without limitation, all originals and copies of any documents containing or comprising such information), and no use shall be made of such information (including, without limitation, all originals and copies of any documents containing or comprising such information) by the receiving party(ies), nor shall it be disclosed to anyone by the receiving party(ies). The receiving party(ies) shall promptly provide to the producing person a written certification of the complete return or destruction of such Privileged Information (including, without limitation, all originals and copies of any documents containing or comprising such information); provided that, to the extent any receiving party has incorporated any such information in its own work product, it may (instead of providing such work product to the producing person) destroy such information incorporated in that work product and promptly certify to such destruction.

(b) If a receiving party identifies what they believe to have been inadvertently produced Privileged Information, they shall so inform the producing party and not disseminate the Privileged Information until subsequent agreement or Court Order.

(c) This Order does not affect the privileged status of inadvertently produced Privileged Information. The inadvertent production of Privileged Information shall not, in and of itself, be deemed to have waived any privilege, protection or immunity for the Privileged Information in this matter or any other proceeding. Nothing herein shall preclude the receiving party(ies) from subsequently challenging that such materials are privileged.

20. Upon final termination of this litigation, including all appeals and post-appellate proceedings, and the request of the producing person, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Litigation Materials shall, within thirty (30) days, be returned to the person who produced such Litigation Materials (with the resulting shipping expense to be paid by the producing person), or shall be destroyed (together with a written certification of the complete destruction of the Litigation Materials), or shall otherwise be disposed as may be mutually agreeable among the applicable persons. The obligation to return or destroy "Confidential" (as opposed to "Highly Confidential") materials shall be limited to reasonable efforts. Nevertheless, counsel of record may retain their file copies of all court filings, official transcripts and exhibits, any pleading transcript (for each deposition, hearing and trial), written discovery responses, expert reports, and attorney work product, regardless of whether it contained protected Litigation Materials, provided that counsel continues to treat all Litigation Materials in the manner provided in this Order. Notwithstanding the provisions of this paragraph, inaccessible copies of confidential or proprietary material, including electronic copies created through the routine operation of the recipient(s)' standard archival and backup procedures, do not need to be returned or destroyed.

21. This Order shall remain in force and effect until modified, superseded or terminated by agreement of the parties hereto or by order of the Court. The termination of this action shall not relieve the parties from complying with any limitations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order.

22.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Without limiting the foregoing, in the event any party believes that documents to be produced in this litigation merit additional protection and/or restrictions on the categories of persons otherwise entitled to review "Confidential" or "Highly Confidential" Litigation Materials, the party may request the other party's (or parties') stipulation to such treatment, or, if necessary file a motion for an order of this Court pursuant to Rule 26(c). Each party's agreement to this Stipulated Protective Order is without prejudice to such party's right to seek or to oppose such a motion.

23.     The parties agree they will act in accordance with the terms and conditions of this Order upon its execution by all parties even though it may not yet have been so-ordered and entered by the Court.

24.     Electronically transmitted signatures shall have the same force and effect as originals.

25.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

26.     This Order shall govern all discovery undertaken in this action. SO STIPULATED:

Dated: February 9, 2022

/s/ Peter B. Schalk
**JUDD BURSTEIN, P.C.**

JUDD BURSTEIN
jburstein@burlaw.com
PETER B. SCHALK
pschalk@burlaw.com
EMILY C. FINESTONE
efinestone@burlaw.com

260 Madison Avenue, 15th Floor
New York, New York 10016
Telephone: (212) 974-2400
Fax: (212) 974-2944

*Attorneys for Plaintiff Plank LLC, d/b/a, Patch Media*

Dated: February 9, 2022

/s/ Kelly M. Klaus
**MUNGER, TOLLES & OLSON LLP**

KELLY M. KLAUS (pro hac vice)
kelly.klaus@mto.com
JONATHAN H. BLAVIN (pro hac vice)
jonathan.blavin@mto.com
ROWLEY J. RICE (pro hac vice)
rowley.rice@mto.com
SARAH WEINER
sarah.weiner@mto.com

560 Mission Street, 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Fax: (415) 512-4077

**SHAPIRO ARATO BACH LLP**

CYNTHIA S. ARATO
carato@shapiroarato.com

500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: (212) 257-4880
Fax: (212) 202-6417

*Attorneys for Defendants Particle Media, Inc., d/b/a News Break, Jeff Zheng, and Vincent Wu*

SO ORDERED.

Dated: February 10, 2022

New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

PLANCK LLC, d/b/a, PATCH MEDIA,       Case No. 20-cv-10959 (LGS)

        Plaintiff,     **NON-DISCLOSURE AGREEMENT**

    -against-

PARTICLE MEDIA, INC., d/b/a NEWS
BREAK, JEFF ZHENG, and VINCENT WU,

        Defendants.

-------------------------------------------------------x

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Litigation Material that have been designated as "Confidential" and/or "Highly Confidential," and hereby agree to be bound by the terms thereof. I further agree that to the extent that my employees are provided with "Confidential" and/or "Highly Confidential" Litigation Materials, I will instruct such employees regarding the terms of the Protective Order. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____      _____

                                                              [Signature]