MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

March 22, 2022

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Planck, LLC, d/b/a Patch Media v. Particle Media, Inc., d/b/a News Break*, No. 20-cv-10959, News Break Response to Patch Letter (Dkt. 76)

Dear Judge Schofield:

We are sorry for burdening the Court with another letter on this matter, but the suggestion in Patch's March 21, 2022 letter that Defendants filed their pre-motion letter after saying they would wait for Patch's counsel to confer with their client about the requests at issue in the pre-motion letter is wrong and should not stand uncorrected.

Defendants have met and conferred with Patch on the requests for documents related to Marc Torrence's authority for over a month. With respect to *those* requests, Patch's counsel stated unequivocally on March 8, 2022: "We stand by our position that the broader requests regarding Marc Torrence [Requests 31-34, 36-37, 39, 40-43] are not relevant." (E. Finestone email Mar. 8, 2022). Likewise, with respect to Request 21 (advertising contracts), Patch wrote: "We do not believe these contracts are relevant and production of the contracts would be unduly burdensome." (*Id.*) Because Patch said it was standing on its objections, Defendants proceeded to file their pre-motion letter with respect to those requests. After filing, Patch never said that it was withdrawing objections relevant to Defendants' pre-motion letter, but instead made clear that this was an issue for the Court to resolve, stating that "[i]n terms of the issues raised in your March 14 letter motion, you will receive our answers in the response that we shall provide *to the Court* in the required time-frame." (P. Schalk email Mar. 18, 2022, emphasis added).

The correspondence Patch quotes to the Court relates to *different* requests for production. As to those requests, Patch had maintained since the parties' initial meet-and-confer (on February 22) that it was investigating the scope of responsive documents and would provide Defendants with an update. Patch never did so, other than to vaguely say it "may withdraw certain objections." (P. Schalk email Mar. 11, 2022). This statement prompted Defendants to ask Patch to definitively clarify its position by March 16—one week before Patch's deadline to produce. To date, however, Patch has still not articulated which objections, if any, it is withdrawing.

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
March 22, 2022
Page 2

      Although Defendants are prepared to follow any course the Court deems appropriate, in light of Patch's decision to withdraw its objections to much of Defendants' requested discovery, Defendants believe a pre-motion conference with the Court is not necessary at this time.

                                      Respectfully Submitted,

                                      */s/ Kelly M. Klaus*

cc: All Counsel of Record (via ECF)       Kelly M. Klaus