MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

April 29, 2022

Writer's Direct Contact
(415) 512-4017
(415) 644-6917 FAX
kelly.klaus@mto.com

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Planck, LLC, d/b/a Patch Media v. Particle Media, Inc., d/b/a News Break*, No. 20-cv-10959, Letter Requesting Pre-Motion Conference

Dear Judge Schofield:

  Defendants Particle Media, Inc., d/b/a News Break ("News Break") and Vincent Wu respectfully request a pre-motion conference on their anticipated motion for a protective order to preclude Patch's deposition of News Break CEO, Jeff Zheng. As discussed below, Patch has not made any showing justifying a deposition of News Break's CEO under the apex doctrine.

**1. Patch Has Pursued Burdensome and Disproportionate Discovery**

  Patch's attempt to depose News Break's CEO is the latest salvo in a scorched-earth discovery campaign. Patch has served 97 document requests seeking, among other things, News Break's source code, board documents, investor communications, financial statements, tax returns, and filings with regulatory agencies—even where these documents have no relationship to Patch or the allegedly infringed content. Patch has served interrogatories asking Defendants to identify all of News Break's content partners. Patch also served 30(b)(6) topics on many of the same subjects, as well as News Break's patents and its technical processes for handling web content. As Defendants explained in their other pre-motion letter, the scope of this discovery is grossly disproportionate to the needs of this case, including the limited amount of possible damages.

  Trying to harass and burden News Break's CEO has been part of Patch's campaign. Patch added Zheng and News Break's COO, Vincent Wu, as named defendants after News Break informed Patch that it intended to move to transfer or dismiss the case. *Compare* Dkt. 1 (Complaint), *with* Dkt. 27 (Amended Complaint ("FAC")). The FAC alleged that Zheng and Wu jointly led a RICO enterprise to engage in criminal copyright infringement. FAC ¶¶ 77-92. The Court granted Defendants' motion to dismiss Zheng for lack of personal jurisdiction. Dkt. 55 at 21. The Court also denied Patch's request for leave to amend to include additional allegations against Zheng, as well as its alternative request for jurisdictional discovery. Dkt. 65. Now Patch has noticed Zheng's deposition.

**2. The Court should issue a protective order precluding Zheng's deposition.**

  Zheng's deposition is improper under the apex doctrine, which "supplies 'an additional

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
April 29, 2022
Page 2

layer of protection for senior corporate executives subject to depositions.'" *Harapeti v. CBS Television Stations Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021). "Under this doctrine, unless the executive [1] 'has unique evidence, personal knowledge of the claims at issue,' and [2] 'other witnesses are incapable of providing testimony about the conduct alleged,' executives are safeguarded from depositions." *Id.*; *see also* Fed. R. Civ. P. 26(b)(1), (2)(C).

Patch has failed to meet its burden under both requirements of the apex doctrine. Patch's own allegations in the FAC show that any knowledge Zheng may possess on issues relevant to this case is knowledge that Wu—who will be deposed—shares equally. *See, e.g.*, FAC ¶¶ 6, 78 (alleging that Wu "exerts extensive control over News Break's operations," "was directly involved in much of the actionable conduct alleged herein," and "Zheng and Wu have managed and controlled . . . News Break" together). The only *specific* conduct that Patch alleges Zheng engaged in was to attend an August 14, 2019, meeting with Patch employees about a possible business deal. But Patch has not shown that Zheng gained any "unique, non-repetitive," knowledge from that meeting, because Wu and at least one other News Break representative also attended, FAC ¶ 23, and Patch has noticed and will take the depositions of both of those individuals. Those depositions—which News Break has not contested—will give Patch ample opportunity to discover News Break's knowledge and actions relating to the August 2019 meeting without the need for Zheng's deposition. Further, Defendants have produced responsive emails from Zheng's files. Patch has not identified any of those emails showing that Zheng has unique personal knowledge of any matters relevant to this case. On the contrary, those emails show that Zheng did not have any direct communications with Patch and that any information he received about Patch came from Wu (who will be deposed) or other News Break employees.

Further, Defendants will submit a declaration from Zheng that establishes the following:[1]

- At his single meeting with Patch on August 14, 2019, Zheng did not have any conversations, hear any presentations, or receive any material that News Break's other representatives did not also have, hear, or receive. Declaration ¶ 4. Any information Zheng learned at the meeting would have also been known by other News Break representatives who attended the meeting. *Id.* ¶ 9.

- Zheng does not have first-hand, personal knowledge of News Break's display of any item of Patch content identified in the complaint. *Id.* ¶ 6.

- Zheng does not have first-hand, personal knowledge of facts relevant to Patch's claims regarding News Break's receipt or ingestion of Patch's RSS feeds in March 2020. *Id.* ¶ 7. Nor does Zheng have first-hand, personal knowledge of any communications between any News Break employee and any Patch employee regarding such feeds. *Id.*

---

[1] Defendants have not submitted the declaration with this pre-motion letter because of the Court's page limit.

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
April 29, 2022
Page 3

- Zheng does not have first-hand, personal knowledge of facts relevant to Patch's claim that News Break removed copyright management information from content that News Break acquired from Patch.  *Id.* ¶ 8.

- Other than his attendance at the August 14, 2019 meeting, Zheng does not have first-hand, personal knowledge of facts relevant to News Break's alleged misappropriation of Patch's confidential information.  *Id.* ¶ 9.

- Any knowledge Zheng has about the above facts would have been conveyed to him by other News Break employees or attorneys representing News Break.  *Id.* ¶¶ 4, 6-9.

- Preparing for and sitting for a deposition would impede Zheng's ability to oversee the management of News Break and would cause a significant disruption to News Break's operations.  *Id.* ¶ 10.

During meet-and-confer, Patch raised two meritless bases for taking Zheng's deposition.  First, that Zheng is an inventor on several News Break patents.  But the Court previously rejected this argument as irrelevant to Patch's claims.  Dkt. 65 at 3 (Patch "identifies Zheng as the inventor of various News Break patents relating to its mobile application, but fails to connect any of these facts to Plaintiff's claims or New York.").  Further, Patch's focus on seeking discovery into Zheng's technical knowledge of News Break's system just proves that the goal of the deposition is to harass News Break and extract sensitive business information that is irrelevant to the claims and defenses in this case.  Second, Patch argued it cannot withdraw its deposition notice because it is still in the process of translating Chinese-language emails involving Zheng.  But Patch has had these documents since at least April 11 and, in any event, they do not show Zheng has unique knowledge of the facts at issue.

Given Zheng's lack of "unique non-repetitive, first-hand knowledge," *Harapeti*, 2021 WL 3932424, at *2, it appears that Patch intends to use Zheng's deposition—"and the disruption that [it] may occasion—as a form of leverage or harassment by forcing [a] senior official[] to spend time in preparing for and attending a deposition when [he] ha[s] little or no pertinent testimony to offer," *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006).  Indeed, Patch's deposition notice is just the latest in a string of attempts to use this case to harass News Break's executives, to obtain discovery into News Break's most sensitive business information, and to drive up litigation expenses—all while refusing to disclose the extent of its claims or engage in settlement talks.

The Court should issue a protective order precluding Zheng's deposition.  At minimum, the Court should issue an order deferring Zheng's deposition until after Patch completes depositions of other News Break employees as those depositions will further establish that Zheng lacks any unique knowledge.

Defendants have in good faith conferred with Patch, but Patch has declined to withdraw its deposition notice.  We look forward to the opportunity to discuss Defendants' motion, and any other matters the Court so desires, at the requested pre-motion conference.

MUNGER, TOLLES & OLSON LLP

Honorable Lorna G. Schofield
April 29, 2022
Page 4

                                         Respectfully Submitted,

                                         */s/ Kelly M. Klaus*

cc:  All Counsel of Record (via ECF)     Kelly M. Klaus

By **May 6, 2022**, Plaintiff shall file a response to this letter and Defendants' letter at Docket No. 86.  By **May 6, 2022**, Defendants shall file a response to Plaintiff's letter at Docket No. 85.

SO ORDERED.

Dated: April 2, 2022
       New York, New York

                                       LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE